[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CLARIFICATION AND FURTHER ORDER
CT Page 12722
The defendant has filed a motion for clarification and further order. The motion has eight numbered paragraphs and three specific requests for clarification. The parties have reached an agreement on two of these requests, but are unable to agree on request C involving paragraph number 6 of the motion which states as follows:
 6. Article 5.1 of the parties' separation agreement provides that "the husband shall pay to the wife, as unallocated alimony and support, the amount equal to one-half of his net pay (net pay is defined as gross pay less federal, state and city taxes and insurance, medical and disability). At present, one-half net salary equals approximately $880 per week, which sum is to be paid twice each month directly through the husband's employer." Implicit within this agreement is that net pay as set forth in this Article, applies only to the defendant's bi-weekly salary and does not include any bonuses, incentive compensation or the like received by the defendant.
Article 5.1 of the parties' separation agreement is recited exactly in paragraph 6 as it appears.
The court ruled that the language was not clear and unambiguous and allowed testimony of the parties as to their intent. As one might expect, the plaintiff testified that the parties intended that the term net wage contemplated all remuneration from employment, and the defendant testified that the parties intended that the term net wage meant his net weekly pay check.
In defense of his position the defendant noted that in addition to one-half of his net weekly wage he was also to provide medical and dental insurance for the children, pay all uninsured and unreimbursed medical, psychiatric and dental expenses for the children, one-half the cost of the plaintiff's medical insurance, maintain life insurance, pay the home equity line of credit, and one-half the homeowner's insurance and the car loan on the plaintiff's 1982 Mercury automobile. As defendant noted, he would CT Page 12723 not be able to make these payments and live were he unable to keep his bonus which historically had been $10,000 per year.
Plaintiff was represented by counsel at the time of judgment. The defendant was not represented. As stated in Article XI of the parties' agreement, counsel for the plaintiff drafted the agreement in accordance with the express wishes of both parties. Indeed, the wording of Article V was the wording of the defendant who was and is a controller at Forbes, Inc. The language used was, therefore, perfectly clear in his thinking, i.e., net weekly pay which is equivalent to net weekly salary.
Support for the defendant's position that a bonus is not included in the term "net pay" is further demonstrated by the statement, "at present, one-half net salary equals approximately $880 per week, which sum is to be paid twice each month directly through husband's employer." The words "per week" and "which sum is to be paid twice each month" demonstrate that the language refers to net weekly salary. Compare Sunbury v. Sunbury,13 Conn. App. 651, 661 (1988).
Paragraph C of the defendant's motion is granted and Article 5.1 of the agreement is clarified and the defendant's "net pay" is defined to mean his biweekly salary received from his employer and specifically excluding any bonus, incentive compensation or the like.